IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMOREA ELLISON                                                                                    PLAINTIFF

v.                              Civil No. 1:25-cv-01006-SOH-SGS

SHERIFF LEROY MARTIN                                                                         DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jamorea Ellison, filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to prosecute. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I.   BACKGROUND

Plaintiff initially filed his Complaint on January 27, 2025. (ECF No. 1). Plaintiff indicated he was incarcerated in the Columbia County Jail ("CCJ") in Magnolia, Arkansas, when he filed his Complaint. (ECF No. 1, p. 1). This remains Plaintiff's address of record with the Court.

Plaintiff failed to submit an application to proceed *in forma pauperis* ("IFP") with his Complaint. The Court provisionally filed Plaintiff's Complaint and directed him to file his IFP application or pay the filing fee herein no later than February 18, 2025. (ECF No. 2). The Court also ordered an Amended Complaint also due on February 18, 2025. *Id.* This Order was not returned as undeliverable mail and Plaintiff failed to file his IFP application or pay his filing fee.

On February 24, 2025, the Court entered an Order to Show Cause directing Plaintiff to file his IFP application or pay his filing fee no later than March 17, 2025. (ECF No. 6). This order was not returned as undeliverable mail and Plaintiff failed to respond.

On October 2, 2025, this case was reassigned to undersigned Magistrate Judge. This reassignment notice was mailed to Plaintiff at his address of record—the CCJ in Magnolia, Arkansas—but it was returned as undeliverable mail. (ECF No. 7). Plaintiff was provided thirty (30) days to notify the Court of his current address and failed to do so. (ECF No. 7).

Plaintiff has not communicated with the Court since originally filing his Complaint on January 27, 2025. (ECF No. 1).

## II.   DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with

*any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has wholly failed to prosecute this matter and to comply with the Court's Order to keep his address of record updated. However, the Court does not find dismissal with prejudice is warranted here. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Orders.

### III.    CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this 20th day of November 2025.

/s/ *Spencer G. Singleton*
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE